BURRIDGE'S CASE.

Kennebec.　　Opinion December 18, 1929.

*A. L. Thayer,*
*Oscar H. Emery,* for claimant.
~~Franklin Fisher, for respondent.~~
*Clement F. Robinson,* Attorney General.
*Richard Small,* for State Highway Commission.

Sitting: Deasy, C. J., Barnes, Pattangall, Farrington, JJ.

Barnes, J.   On appeal by claimant, widow and dependent of an employee of the State Highway Commission, from ruling below affirming the finding of the Industrial Accident Commission that the employee who died, Sept. 9, 1926, while engaged in his usual work, did not meet his death after accident.

The employee was on a truck, dipping water from a barrel, using a pail that would hold from nine to twelve quarts, and handing the pail to his helper, on the ground, when he ceased labor, walked to the camp, asked for and drank a mixture of acid and soda, and within a half hour died, without speaking more.

A physician, called at once, but arriving after the death, reported "that death was the result of chronic heart disease."

The record is meagre in the extreme; the testimony scanty, but undoubtedly all that was available and of value.

The first problem for the commissioner to solve was whether or not, under the law, there had occurred an accident arising out of and in the course of the employment of the decedent.

If any there were, it must have happened in the course of the last moments of his work, at labor undoubtedly of the lightest.

The commissioner found in the negative, and claimant urges that such conclusion was of law and subject to appeal.

There was no evidence of accidental happening; there was evidence of death from heart disease.  Despite his report that the death was the result of heart disease, the physician testified, at the hearing, that the work being performed "was a material contributing cause to his death at that time."

Another physician, an expert in the treatment of patients suffering from diseases of the heart, gave it as his opinion that the particular malady causing employee's death was that which comes commonly in periods of rest, and often in sleep, that the immediate cause of the heart failure was a clot within an artery, and that the work being done would not cause the clot.

Decision of the primary problem was one of fact, upon the weight of evidence.

Of the occurring of an accident, and of the weight of evidence the commissioner is made, by statute, the arbiter.

If there be evidence to support the finding, it shall stand. We

find total lack of evidence of accident, and abundant material to support the conclusion that the weight of evidence justifies the finding that the labor was not a contributing cause of the heart failure, as understood at law, and there is no suggestion of fraud.

*Appeal dismissed.*
*Decree below affirmed.*